UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REVELEZ,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No. 22-cv-01738 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL; TERMINATING OTHER MOTION**<br><br>(Docket Nos. 3, 6) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Kathleen Allison, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and "multiple doe defendants." Dkt. No. 1 at 2. Plaintiff has paid the filing fee. Dkt. No. 8.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that he is a "SNY" (Sensitive Needs Yard) inmate who was forced to integrate with "GP" (General Population) inmates on a "non-designated yard." Dkt. No. 1 at 3. Plaintiff arrived at San Quentin State Prison ("SQSP") on March 14, 2018, and was placed in West Block, which apparently housed GP inmates. *Id.* at 4. When Plaintiff informed Sgt. D. Tomaso that he did not feel safe, Sgt. Tomaso assured him that he would be safe and that there were "no more [Northern] actives on the block." *Id.* at 4-5. The following day, Plaintiff was threatened by several inmates, apparently due to his SNY status as a sex offender. *Id.* at 5. Plaintiff informed an unidentified Sergeant that he did not feel safe but was again assured that he would be safe. *Id.* The next day, March 16, 2018, Plaintiff was assaulted by several inmates, and required treatment at Marin General Hospital. *Id.* at 6. Plaintiff was interviewed by an "IGI officer" concerning the incident and asked to attempt to identify his assailants from among a large number of Northern inmates. *Id.* When Plaintiff asked where those inmates were housed, the IGI officer told him they were in West Block. *Id.* Plaintiff informed the IGI officer that Sgt. Tomaso had told him he would be safe in West Block, and the IGI officer responded that she had previously worked with Sgt. Tomaso and that "he should have known better." *Id.* After Plaintiff returned to SQSP, he was interviewed by Captain Arnold in the presence of Sgt. Tomaso and an unidentified female officer. *Id.* at 6. Plaintiff claims Sgt. Tomaso belittled him and accused him of not telling the truth. *Id.* Plaintiff claims that he suffered physical

2

harm as well as psychological trauma which is ongoing. *Id.* at 7. Plaintiff seeks damages and injunctive relief. *Id.* at 3.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 824, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Liberally construed, Plaintiff allegations are sufficient to state a failure to protect claim against Sgt. Tomaso because the allegations are sufficient to raise an inference that Sgt. Tomaso knew that Plaintiff faced a substantial risk of serious harm if housed in West Block along with numerous Northern inmates who had made threats, and yet failed to move Plaintiff for his safety.

However, Plaintiff's allegations are insufficient to state a claim against named Defendant Kathleen Allison as the Secretary of the CDCR. The second prong for an Eighth Amendment claim requires that a prison official knows of and disregards an excessive risk to inmate safety, and then failed to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. Here, there are no facts in the complaint to raise even an

inference that Defendant Allison was subjectively aware of the risk of harm to Plaintiff in March 2018, and failed to take reasonable steps to abate. Plaintiff shall be granted leave to amend to attempt to state sufficient allegations against Defendant Allison to state a § 1983 claim. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

Plaintiff also alleges that there are "multiple doe defendants." Dkt. No. 1 at 2. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). If Plaintiff wishes to include additional individual Defendants in the amended complaint, he must at least describe the individual's actions, as well as the date and location of the deprivation. Plaintiff will be given an opportunity to identify them through discovery if the Court finds the allegations are sufficient to state a cognizable claim against unidentified Defendants.

### C.     Motion for Appointment of Counsel

Plaintiff requests appointment of counsel due to indigency, limitations due to his incarceration and Covid-19, limited education and lack of knowledge of the law, and counsel would be helpful in the event of a trial. Dkt. No. 3. There is no constitutional

4

right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's reasons do not distinguish him from other prisoner litigants. Accordingly, the motion is DENIED for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### D. Other Motion

Plaintiff also filed a document entitled "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order." Dkt. No. 6. This document appears to be a proposed order and is not accompanied by an actual motion before this Court. Accordingly, the Clerk shall terminate the docket as it is not a motion.

If Plaintiff wishes to file a motion for a preliminary injunction and/or temporary restraining order, he must keep the following in mind. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Accordingly, any motion for a preliminary injunction shall not be decided until Defendant(s) has been served in this action and given an opportunity to be heard.

On the other hand, a TRO may be granted under Rule 65(b) without written or oral

notice to the adverse party or that party's attorney *only if*: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint states a cognizable claim for failure to protect against Sgt. D. Tomaso. *See supra* at 2-3.

2. The remainder of Plaintiff's claims are **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must

include the caption and civil case number used in this order, Case No. C 22-cv-01738 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **In the alternative**, Plaintiff may file notice he wishes to proceed on the cognizable claim against Sgt. D. Tomaso identified above, see paragraph (1), and strike all other claims and defendants from the complaint. The Court will order the complaint served on Defendant D. Tomaso based on the cognizable claim.

4. **Failure to respond in accordance with this order in the time provided will result in this action proceeding solely on the cognizable claim identified above, and all other claims and defendants being dismissed for failure to state a claim.**

5. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. Dkt. No. 3. Plaintiff's other "motion" shall be terminated as a it is not a proper motion. Dkt. No. 6.

6. The Clerk shall include two copies of the court's **complaint** with a copy of this order to Plaintiff.

This order terminates Docket Nos. 3 and 6.

**IT IS SO ORDERED.**

Dated:  ___July 26, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.22\01738Revelez_dwlta