UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REVELEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01738 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; DENYING REQUEST FOR LEGAL ASSISTANCE; INSTRUCTIONS TO CLERK** |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Kathleen Allison, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and "multiple doe defendants" at San Quentin State Prison ("SQSP") where the underlying incident occurred. Dkt. No. 1 at 2. The Court dismissed the complaint with leave to amend to correct various deficiencies. Dkt. No. 9. Plaintiff filed an "amended complaint" which appears to be an amendment to the complaint rather than an amended complaint, superseding the original. Dkt. No. 12. Accordingly, the Court shall consider whether the information provided in this filing corrects any of the deficiencies discussed in its screening order.

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

In the screening order, the Court found the complaint stated a cognizable failure-to-protect claim against Sgt. Tomaso based on an assault by other inmates on March 16, 2018, when he was placed in general population despite his "sensitive needs yard" status. Dkt. No. 9 at 3. However, the allegations were insufficient to state a claim against Defendant Secretary Kathleen Allison. *Id.* Plaintiff was granted leave to amend this claim. *Id.* Plaintiff was also advised that with respect to "multiple doe defendants," he must at least describe the individual's actions, as well as the date and location of the deprivation. *Id.* at 4. The Court would then consider whether his allegations are sufficient to state a cognizable claim against the unidentified Defendants and permit Plaintiff an opportunity to ascertain their identify through discovery. *Id.*

Plaintiff's amendment attempts to identify some of the "doe defendants." Dkt. No. 12. Plaintiff also requests legal assistances to identify more defendants because he does not know "about legal matters" and is struggling from anxiety from the incident. *Id.* at 12.

1  The Court construes this request as a second motion for appointment of counsel and
2  DENIES it for lack of exceptional circumstances. *See* Dkt. No. 9 at 4-5, citing *Agyeman v.*
3  *Corrections Corp. of America,* 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113
4  F.3d 1520, 1525 (9th Cir. 1997).

5       Plaintiff names the following defendants who were at SQSP on March 15, 2018, in
6  West Block: (1) "C.O.s at desk who openly belittled me"; (2) "2nd watch sergeant
7  (Whitney?) who told me he would not move me after I told him I was threatened and
8  didn't feel safe at CCI Tehapachi on January 3, 2018"; and (3) C.C.2 C. Yerton who
9  assured me that the staff where I was transferring to had been trained to function with
10 S.N.Y. inmates." Dkt. No. 12 at 3. Plaintiff claims that these defendants along with Sgt.
11 Tomaso "had the opportunity and obligation to protect me and abated it" and that "they
12 were significant influences to me being a victim of a brutal assault by several inmates who
13 were charged with attempted murder." *Id.* at 3-4.

14      The Eighth Amendment requires that prison officials take reasonable measures to
15 guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 824, 832 (1994). In
16 particular, prison officials have a duty to protect prisoners from violence at the hands of
17 other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v.*
18 *Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect
19 inmates from attacks by other inmates or from dangerous conditions at the prison violates
20 the Eighth Amendment when two requirements are met: (1) the deprivation alleged is,
21 objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately
22 indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is
23 deliberately indifferent if he knows of and disregards an excessive risk to inmate health or
24 safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se*
25 complaint sufficient to raise an inference that the named prison officials knew that plaintiff
26 faced a substantial risk of serious harm and disregarded that risk by failing to take
27 reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at

3

1041-42 (citing *Farmer*, 511 U.S. at 847).

The new allegations in the amendment are sufficient to state a claim against Defendant "Whitney," who was aware of the threats against Plaintiff but refused to move him. However, the allegations are insufficient to state a claim against correctional officers who "belittled" Plaintiff or C. Yerton. The fact that Plaintiff was "belittled" is not sufficient to establish the requisite state of mind, i.e., that this officer knew of and disregarded an excessive risk to Plaintiff's safety. Furthermore, Plaintiff's allegation that C. Yerton said that Plaintiff was being transferred to a place with staff who were "trained to function with S.N.Y. inmates" raises the inference that Mr. Yerton believed Plaintiff would be safe, not that Plaintiff would be facing a substantial risk of serious harm. Accordingly, the Court will order this matter served on Defendant Tomaso and newly identified Sergeant Whitney.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  This action is proceeding on the failure-to-protect claim against Defendants Tomaso and Whitney.

The Clerk shall terminate Defendant Kathleen Allison from this action because there are no cognizable claims against her.

2.  The following defendants shall be served at SQSP:

    a.  **Sergeant D. Tomaso** (West Block in March 2018)

    b.  **Sergeant Whitney** (West Block in March 2018)

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. Nos. 1, 12, this order of service, and a CDCR Report of E-Service Waiver

4

form.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See***

5

*Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be

extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated: __February 27, 2023____**

/s/ Beth Labson Freeman

BETH LABSON FREEMAN
United States District Judge

Order of Service; Deny Req. for Legal Assist.
PRO-SE\BLF\CR.22\01738Revelez_svc&atty